**ALABAMA POWER COMPANY,**
Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent.

**Nos. 18658–18660.**

United States Court of Appeals
Fifth Circuit.

June 21, 1961.

Rehearing Denied July 24, 1961.

Alvin W. Vogtle, Jr., Birmingham, Ala., William C. Chandler, Hayden N. Smith, New York City, Martin, Vogtle, Balch & Bingham, Birmingham, Ala., Winthrop, Stimson, Putnam & Roberts, New York City, Joseph M. Farley, Birmingham, Ala., for petitioner.

Howard E. Wahrenbrock, Sol., John C. Mason, Gen. Counsel, Leonard D. Eesley, Asst. Gen. Counsel, Joseph B. Hobbs, Milton J. Grossman, Attys., Federal Power Commission, Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

TUTTLE, Chief Judge.

These three petitions for review of "orders" of the Federal Power Commission are consolidated for purposes of briefing and argument. We have quoted the word "orders" above because the Commission asserts and the petitioner seems to agree that no orders of the Commission are here attacked. Rather the Alabama Power Company contends that the action of the Commission denying its petition for amendment of an existing license to develop the water power of the Coosa River in relation to the Jordan Dam and proposing to amend the Jordan Dam and two other licenses in different particulars is not binding on it and that such amendments cannot be forced upon it without its approval.[1]

---

1. The petitioner states the issue thus: "The issues presented by these petitions for review is very simple. In September, 1957, Respondent duly issued the license for Project No. 2146, authorizing a comprehensive development of the Coosa

The Commission says that the actions taken by it in connection with the requested amendment of the Jordan Dam license and its proposed amendment of the two dam licenses are in legal contemplation two things: 1. They are orders of the Commission touching on certain matters dealing with desirability and economic and other factors which, unless attacked by the Power Company by motion for rehearing and, upon denial, by petition to vacate, will stand as final and binding. 2. They are *proposed* amendments of three existing licenses held by the Power Company which, *if accepted,* will thereafter be controlling in the enjoyment of the licenses by the Power Company.

What the petitioner here seems to have overlooked until oral argument is the concession by the Commission of the only point raised by the Power Company in this Court: that the Commission's "order" did not unilaterally amend the existing licenses.

In view of the fact that the petitioner did not, in its motion for rehearing below or in its petition here, seek to set aside the orders of the Commission as orders but sought only a determination that it is not bound by the proposed amendments not accepted by it, there remains nothing for this Court to pass upon.

The petitioner, as provided in the applicable section of the Federal Power Act, 16 U.S.C.A. § 799,[2] may refuse to accept alterations to the licenses, in which event they are left with their unamended licenses and whatever rights in the development of the projects as may be comprehended thereunder.

It appearing that these are not petitions to review orders of the Federal Power Commission, the petitions are hereby dismissed.

Petitions dismissed.

CAMERON, Circuit Judge (concurring in part and in part dissenting).

I agree with the majority opinion in its statement:

"The Petitioner, as provided in the applicable section of the Federal Power Act, 16 U.S.C.A. § 799, may refuse to accept alterations to the licenses, in which event they are left with their unamended licenses and whatever rights in the development of the projects as may be comprehended thereunder."

I do not find myself able to agree with another statement in the majority opinion [1] or with the action the majority

River by Petitioner * * *. Thereafter, Petitioner requested certain important and comprehensive amendments to the license for Project No. 2146, upon certain express and material conditions * * *. Respondent refused to grant the amendments as requested by Petitioner, and in lieu thereof issued three orders * * * purporting to amend not only the license for Project No. 2146 but also the licenses for Project Nos. 82 and 618, as to which Petitioner had never sought any amendments, in a manner and under conditions which are wholly unacceptable to Petitioner. The issue is whether Respondent can compel Petitioner to accept these amendments set forth in these orders over its objection."

2. "§ 799. License under this Part shall be issued for a period not exceeding fifty years. Each such license shall be con-

ditioned upon acceptance by the licensee of all the terms and conditions of this Act and such further conditions, if any, as the Commission shall prescribe in conformity with this Act, which said terms and conditions and the acceptance thereof shall be expressed in said license. Licenses may be revoked only for the reasons and in the manner prescribed under the provisions of this Act, and may be altered or surrendered only upon mutual agreement between the licensee and the Commission after thirty days' public notice * * *."

1. "What the Petitioner here seems to have overlooked until oral argument is the concession by the Commission of the only point raised by the Power Company in this Court: that the Commission's 'order' did not unilaterally amend the existing licenses."

takes in dismissing the petitions.[2] The order provided for in the majority opinion simply dismisses the three petitions and probably leaves nothing petitioner could plead as res judicata if the respondent should ever take the position, which the petitioner in evident good faith thought the respondent was taking,—that the orders entered by the Commission did unilaterally amend the existing licenses possessed by petitioner.

Implicit in the action taken by the majority is the assumption that the whole proceeding before us amounts to nothing more than "shadow-boxing" by petitioner and to "much ado about nothing." Examination of the record and briefs of the parties and careful attention to the oral arguments have not brought me to conformity with that attitude. Anybody who has dealt with the all-powerful federal administrative agencies in the last three decades has, according to my experience, been impressed with the fact that they are disposed to claim as much power as is humanly possible under the law and in many cases power that they do not possess. And examination of the decisions of the courts discloses, in my judgment, that the judges have not been niggardly in approving their grasps of power.

Petitioner has a heavy stake running into millions of dollars in protecting the two licenses already possessed by it (identified as Project No. 82 and Project No. 618). Each of them had a number of years to run and petitioner's efforts to enter upon a wider development of the Coosa River (Project No. 2146), consolidating in part the developments which it had already made under the two existing licenses, were of such tremendous magnitude and value to it that it was and is natural and proper that petitioner would make every effort to avoid taking the slightest risk of jeopardizing its already existing rights or those in contemplation, in its effort to expand them.

There is no doubt that the Commission failed to grant what the petitioner sought in the three applications discussed throughout these proceedings, but instead attached certain conditions to the two existing licenses, which petitioner would not consider accepting. When the Commission entered its orders, without hearing, and notified petitioner of them, therefore, the petitioner promptly advised the Commission that the proffered licenses were completely rejected by it. Each of the writings constituting the rejections gave detailed reasons therefor.

In acknowledging the notices of rejection the Secretary of the Federal Power Commission, writing upon its stationery, sent to petitioner a communication containing these statements:

"The Commission's Rules and Regulations do not make provision for the filing of a 'notice of rejection' since the subject is covered by Section 313(b) of the Federal Power Act. Therefore, it would appear that any objection you may have should be made the subject of a petition to review the Commission's orders of August 4, 1960 as amended by order of September 16, 1960, in accordance with Section 313 (b) of the Act."[3]

The quoted language from the Secretary's response to petitioner's rejections clearly indicates that the notice of rejections which petitioner had filed with the Commission were not considered adequate or permissible, and that the Secretary of the Commission was inviting petitioner to invoke the provisions of Section 313(b) of the Federal Power Act, 16 U.S.C.A. § 825l(b) by entering the proper United States Court of Ap-

---

2. "It appearing that these are not petitions to review orders of the Federal Power Commission, the petitions are hereby dismissed."

3. The communication was signed "J. H. Gutride, Secretary." Each of the "orders" involved in the proceeding was signed "By the Commission, Joseph H. Gutride, Secretary."

peals with a petition to review what the Commission had done. The petitioner proceeded, within the time required by the Act, to follow the procedure which had been proposed by the Secretary, whose judgment in such matters was naturally accorded great weight by petitioners.

Each of its three petitions to review prayed that the Commission's order of August 4th as amended by its order of September 16, 1960 be vacated and set aside, that said order be modified "so as to specify that the Commission recognizes that the amendment to Petitioner's license for Project No. 618 is of no effect, and is not binding on or enforceable against Petitioner, as licensee, as an amendment to its license for Project No. 618, in the absence of Petitioner's agreement thereto * * * so long as Petitioner's rejection and refusal to agree to said amendments shall remain unrevoked by Petitioner." Each of the petitions for review also asked for general relief at the hands of this Court.

Petitioner's entire prayer before this Court, as I read it, was based upon the premise that the orders of which review was sought, as construed by the Commission's communication quoted supra, were illegal and ought to be modified by this Court;[4] and, in my opinion,

states a claim upon which relief can legally and properly be granted.

The respondent takes the position in its brief that petitioner has not appealed from any order, stating: "Instead it has read an implication that does not exist into an informal letter from the Commission Secretary and complains about that. * * * Since the petitioner has erred in drawing its 'obvious inference' from the Secretary's letter and other Commission action, we have no occasion to discuss the question to which petitioner devotes its entire brief: i. e., whether the Commission may give effect to license amendments without the consent of the licensee. We do not thereby concede the correctness of the petitioner's argument and we reserve for an appropriate case the position that mere issuance of a license does not give the licensee a sufficiently vested right in what the Commission has authorized to forestall the Commission under all circumstances from requiring any alteration."

Implicit in this position taken in respondent's brief is the confession that the respondent does not contend that petitioner's existing licenses can be amended without its consent. But nowhere does the respondent say so in explicit language. Not until the oral argument of respondent was nearing its end did its attorney, in response to ques-

---

4. These quotations are from petitioner's brief before us:

"Each such application and supporting brief by Petitioner expressly asserted the invalidity of Respondent's action in treating the application for amendment of the license for Project No. 2146 as three separate applications for amendment to each of the licenses in question, asserted that any action of Respondent purporting to amend any of such licenses without agreement and consent of Petitioner would be invalid, and asserted and reserved its right to reject the orders of Respondent as amendments to its licenses. * * *

"Following the receipt of this letter [being the letter of October 13, 1960 from the Secretary of the Commission quoted in part supra], Petitioner filed its petitions to review and to modify or set

aside the orders of Respondent in these three cases which are now before this Court. * * *

"Thus, it is apparently the position of Respondent that Section 6 of the act, which requires the consent of both parties to the alteration of the terms of a license, has been repealed by the enactment of Section 313 of the act. * * *

"A diligent search of the authorities reveals not the slightest judicial or administrative support for such a position. * * *

"It is therefore respectfully submitted by Petitioner that Respondent has erred in treating as ineffective the rejections submitted by Petitioner with respect to Respondent's amendments to the licenses for Projects No. 82, No. 618 and No. 2146. * * *"

tions by the Court, admit that the respondent here was claiming no right to amend an existing license without its owner's consent. Having made this concession, the attorney for the respondent declined suggestions of members of this Court that a stipulation be prepared so that our order might be based thereon.

Under the circumstances, I think that justice requires that we modify the orders of the Commission as construed by the cryptic language of the Secretary's letter. Since everybody now understands that this is the position of both litigants, no possible harm could result from such an order; and, in my judgment, no transgression would, by such action, be made upon procedural requirements.

On the other hand, I think we are straining the rules of procedure in dismissing the petitions. The respondent did not ask that such a course be taken except by oral motion made near the conclusion of its oral argument. Throughout its brief it adverts to the contention that this Court should dismiss the petition for want of jurisdiction, but a motion under Rule 21 of this Court, 28 U.S.C.A. was never made.

At all events, I do think the petitions qualify under § 313(b) of the Federal Power Act and that the order we enter should attest the true facts, and that the ends of justice require that we grant petitioner the relief sought. I, therefore, respectfully dissent.

On Petition for Rehearing.

PER CURIAM.

It is Ordered that the petition for rehearing filed in the above styled and numbered causes be, and the same is, hereby denied.

CAMERON, Circuit Judge (Dissenting).

I think there is no difference between the majority's attitude and mine on the facts involved in what is before us in these petitions. The majority has stated in its opinion, as quoted in my dissent, that petitioner is left with its unamended licenses and whatever rights in the development of the projects as may be comprehended thereunder, because the Federal Power Act, 16 U.S.C.A. § 799, says so. The Federal Power Commission seems to be in entire agreement with that position also. Its attitude is further attested by a letter from the Solicitor for the Commission written to the clerk of this Court seeking (successfully) to have certain words in my dissent changed. In this letter, the Solicitor stated:

"What I tried to say was that the Commission here claimed no right to make *these* amendments without the licensee's consent and had not attempted or purported to do so."

There seems, therefore, to be no disagreement anywhere as to what was intended to be done by the Commission in these cases, and all connected with them seem to be of one mind as to what was done by the orders entered, which the petitioner sought to have reviewed.

By its petition for rehearing the petitioner quotes two paragraphs of the majority opinion:

"The Commission says that the actions taken by it in connection with the requested amendment of the Jordan Dam license and its proposed amendment of the two dam licenses are in legal contemplation two things: 1. They are orders of the Commission touching on certain matters dealing with desirability and economic and other factors which, unless attacked by the Power Company by motion for rehearing and, upon denial, by petition to vacate, will stand as final and binding. 2. They are *proposed* amendments of three existing licenses held by the Power Company which, *if accepted,* will therefore be controlling in the enjoyment of the licenses by the Power Company.

\* \* \* \* \*

"In view of the fact that the petitioner did not, in its motion for rehearing below or in its petition here,

seek to set aside the orders of the Commission as orders but sought only a determination that it is not bound by the proposed amendments not accepted by it, there remains nothing for this Court to pass upon."

The petition for rehearing further recites:

"However, petitioner is disturbed lest respondent may seek to argue that these two paragraphs of the Court's opinion, when read together, support its contention, made for the first time on oral argument, that even though the orders are concededly ineffective as unilateral amendments to petitioner's existing licenses, they nevertheless survive as 'orders' laying down certain binding determinations — i.e., 'findings' — which could be relied on by respondent to prevent petitioner from carrying out the terms of its existing licenses."

It has appeared to me from the outset that this apprehension on the part of the petitioner was the sole basis for its petitions, and that the apprehension was justified by the letter, construing the orders, which had been written to petitioner by the Secretary of the Federal Power Commission, as quoted in my dissent.

It seems abundantly clear now that the meaning attributed, justifiably in my opinion, by the petitioner to the paragraph from the Secretary's letter has been completely disavowed, and that the majority has stated that the statute itself preserves the rights possessed by petitioner in the existing licenses already owned by it. I am content to have this controversy put to rest with these assurances that the record confirms that the existing licenses remain unimpaired and unprejudiced by the orders which petitioner has by these proceedings sought to bring under review. I still think that our opinion and judgment should be to sustain the petitions for re- view to that extent and, therefore, I must dissent from the action of the Court in dismissing the petitions and in denying the petition for rehearing.